UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOONRIDGE NEIGHBORHOOD ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00294-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court is Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court denies the motion as moot and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Disqualify Chief Judge David Nye (Dkt. 3) is also denied as moot.

## BACKGROUND

Plaintiff filed the present action on June 6, 2025, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and related state-law theories arising from disputes with the Moonridge Neighborhood Association ("Moonridge"). Plaintiff states that he is "reopening this case," and the Complaint reads as an effort to relitigate matters fully addressed in two prior federal cases involving the same parties:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

- *Mendez v. Moonridge Neighborhood Ass'n*, Case No. 1:19-cv-00092-DCN (D. Idaho 2019), where the Court remanded for lack of jurisdiction.

- *Mendez v. Moonridge Neighborhood Ass'n*, Case No. 1:19-cv-00507-DCN (D. Idaho 2023), where the Court dismissed most claims at Federal Rule of Civil Procedure 12(b)(6) and later granted summary judgment on the remaining FDCPA and unjust-enrichment claims.

The Complaint in this case is substantively indistinguishable from filings in those prior actions, except that Plaintiff adds a reference to an April 1, 2025 invoice.[1] Plaintiff also filed a Motion to Disqualify Chief Judge Nye, even though this action is assigned to the undersigned.

## LEGAL STANDARD

Any party instituting a civil action in federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id*. The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and any dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

---

[1] The Court notes that Plaintiff has pursued this strategy of renewing dismissed lawsuits based on "continuing" conduct of the wrongdoers in other litigation. But having failed to demonstrate that the subject conduct was wrongful, as evidenced by his prior lawsuits, more of that same conduct does not create a cause of action where none exists.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

# ANALYSIS

**A.     Application to Proceed In Forma Pauperis**

Plaintiff reports $461.76 in monthly income, $283 in a checking account, and a 2000 Nissan Frontier valued at $600. Critically, he also reports ownership of real property valued at $110,000 with no mortgage or explanation of why the asset cannot be used to pay the filing fee. He lists monthly expenses of $460–470, including "support paid to others" despite identifying no dependents. He also asserts he is indigent because of Medicaid eligibility but provides no documentation. Medicaid determinations do not control the federal IFP standard.

Because the Court dismisses this case at screening, the IFP application is moot. Independently, Plaintiff has not demonstrated indigency, and the application would be denied.

**B.     The Complaint Fails to State a Claim and Is Duplicative of Prior Litigation**

The Complaint does not satisfy Rule 8. It is long, repetitive, and conclusory. Moreover, its claims are barred by res judicata as it seeks to relitigate issues already fully adjudicated.

    **1.     The Complaint Is Substantively Identical to Plaintiff's Prior Filings**

To assess duplicativeness and futility, the Court has compared the 2019 Notice of Removal and Counterclaim (1:19-cv-92, Dkt. 1), the 2019 Amended Complaint (1:19-cv-507, Dkt. 12), and the Present 2025 Complaint (Dkt 2). This comparison demonstrates that the 2025 Complaint repeats—often verbatim—the facts and legal theories asserted in both prior cases.

    *(a) FDCPA Claims*

The 2019 Notice asserts FDCPA violations based on alleged improper collection letters in August 2018. The 2019 Amended Complaint reasserted the same FDCPA theory, later limited by the Court to an October 2, 2019, invoice. The present 2025 Complaint again asserts identical FDCPA theories, but substitutes an April 1, 2025, invoice. The identity of the governing legal

question—whether the HOA and its agents are "debt collectors"—is unchanged, and this question has already been resolved against Plaintiff.

*(b) Contract and Implied Covenant*

Both earlier pleadings assert that the HOA violated the CCRs and Idaho Code § 45-810 by failing to provide financial records and by charging an unjustified $175 annual fee. The 2025 Complaint repeats these allegations word-for-word.

*(c) Unjust Enrichment*

The 2019 Notice and 2019 Amended Complaint allege that Moonridge maintains excessive cash reserves (using a "440 homes × $175/year = $77,000" and "over 15 years = $1.155 million" calculation). The current Complaint reproduces the same calculations and arguments. These theories were already rejected on summary judgment in 2023.

*(d) Emotional Distress*

All three pleadings assert emotional distress based on collection efforts and an alleged lack of transparency.

*(e) Factual Narrative*

The factual narrative in the 2025 Complaint—regarding Plaintiff's January–October 2018 communications, the August 2018 DSI letter, the August 23, 2018 attorney letter, and the October 2018 lien—is copied directly from the 2019 Notice and 2019 Amended Complaint.

*(f) Procedural Posture*

Although the 2025 filing was filed as a new Complaint, its substance is a verbatim repetition of prior efforts and it states it was intended to "reopen" the prior lawsuits. Courts may dismiss duplicative complaints as frivolous or malicious under § 1915. The 2019 action was remanded for lack of subject-matter jurisdiction. Regarding the 2019 Amended Complain, the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

Court dismissed most claims at Rule 12(b)(6) and later granted summary judgment on the remaining claims for lack of evidence.

Plaintiff cannot relitigate these claims by filing an identical complaint styled as a new federal action that will "reopen" prior litigation.

### 2. No New Facts Create Federal Jurisdiction

The single new fact alleged—the April 1, 2025, invoice—is legally irrelevant. Plaintiff again attempts to federalize a state-law HOA fee dispute. Federal jurisdiction was previously found because Plaintiff had asserted claims under the Federal Debt Collection Practices Act. While those same assertions are made here, those claims are now precluded; Plaintiff's theories fail as a matter of law and, consequently, federal question does not exist. Because Plaintiff resides in Idaho, as do a number of defendants, diversity citizenship likewise is lacking.

### C. Motion to Disqualify

Plaintiff moves to disqualify Chief Judge Nye, but this case is assigned to the undersigned. The motion is therefore moot.

### D. Futility of Amendment

Because the Complaint repeats claims barred by prior litigation and jurisdiction cannot be found, amendment would be futile. Dismissal with prejudice is appropriate.

### ORDER

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is **DENIED AS MOOT** and would be denied on the merits.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

3. Plaintiff's Motion to Disqualify (Dkt. 3) is **DENIED AS MOOT**.

4. The Clerk is directed to close this case.

DATED: November 20, 2025

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge